UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

    1 GLOBAL CAPITAL LLC, *et al.*,          Case No. 18-19121-RBR
    Debtors.                                          Chapter 11
_____/

1 GLOBAL CAPITAL LLC; and 1 WEST       Adv. Proc. 18-01495-RBR
CAPITAL LLC,

Plaintiffs,

v.

MOMENTUM AUTOMOTIVE
MANAGEMENT, LLC; MOMENTUM
AUTO GROUP, INC. f/k/a MOMENTUM
AUTO GROUP, LLC; RAHIM MAJID
HASSANALLY; VALLEJO CJD LLC;
FAIRFIELD IMPORTS, LLC; FAIRFIELD
IMPORTS TWO, LLC; FAIRFIELD
IMPORTS THREE, LLC; VALLEJO
IMPORTS, LLC; MAVERICK AUTO
GROUP 2, LLC; FAIRFIELD CJD, LP;
RMHONE CORPORATION; RMH III, INC.;
MOMENTUM RE, LLC; M.A.G. ONE
REINSURANCE LTD.; RADIUM2
CAPITAL, INC.; CAPITAL STACK, LLC;
PLATINUM RAPID FUNDING GROUP,
LTD.; and GLOBAL MERCHANT CASH,
INC. D/B/A WALL STREET FUNDING; et
al.,

Defendants.
_____/

**MOTION OF DEFENDANT, RAHIM MAJID HASSANALLY, FOR IMMEDIATE
WITHDRAWAL OF THE REFERENCE OF THIS ADVERSARY PROCEEDING IN ITS
<u>ENTIRETY AND ACCOMPANYING MEMORANDUM OF LAW</u>**

Defendant, Rahim Majid Hassanaly ("Hasanally"), by and through undersigned

counsel and pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy

Procedure, Local Bankruptcy Rule 5011-1 and S.D. Fla. L.R. 87.3, moves for the immediate withdrawal of the reference for all purposes and, in support thereof, states:

### I. PROCEDURAL HISTORY AND BACKGROUND

1. On October 23, 2009 ("Petition Date"), 1 Global Capital LLC ("Global Capital") filed a voluntary petition under Chapter 11 of Title 11 of the United States Code in Case No. 18-19121-RBR ("Lead Case"), and 1 West Capital, LLC (West Capital") also simultaneously filed a separate petition in bankruptcy, under Chapter 11, on the Petition Date under Case No. 18-19122-RBR ("Affiliate Case") in the United States Bankruptcy Court for the Southern District of Florida, Ft. Lauderdale Division before the Honorable Raymond B. Ray ("Judge Ray").

2. Both the Lead Case and the Affiliate Case are now jointly administered and consolidated under the Lead Case pursuant to Bankruptcy Court Order (*see* Lead Case ECF #43) (entered August 6th, 2018)).

3. Thereafter, on December 14th, 2018, the jointly administered Debtors, Global Capital and West Capital, filed the instant Adversary Proceeding (No. 18-01495-RBR) [1] against numerous defendants, including the instant Defendant, Hassanally, seeking to recover against each of the Defendants therein pursuant to certain contracts and purported guarantees.

4. The other named Defendants are: MOMENTUM AUTOMOTIVE MANAGEMENT, LLC ("**MAM**"); MOMENTUM AUTO GROUP, INC. f/k/a MOMENTUM AUTO GROUP, LLC ("**MAG**"); VALLEJO CJD LLC ("**Vallejo CJD**");

---

[1] A copy of the docket for the Adversary Proceeding is attached hereto as Exhibit "A."

2

FAIRFIELD IMPORTS, LLC ("**Fairfield Imports**"); FAIRFIELD IMPORTS TWO, LLC ("**Fairfield Imports Two**"); FAIRFIELD IMPORTS THREE, LLC ("**Fairfield Imports Three**"); VALLEJO IMPORTS, LLC ("**Vallejo Imports**"); MAVERICK AUTO GROUP 2, LLC ("**Maverick**"); FAIRFIELD CJD, LP ("**Fairfield CJD**"); RMHONE CORPORATION ("**RMHOne**"); RMH III, INC. ("**RMH III**"); MOMENTUM RE, LLC ("**MRE**"); M.A.G. ONE REINSURANCE LTD. ("**Momentum Reinsurance**"); RADIUM2 CAPITAL, INC. ("**Radium2**"); CAPITAL STACK, LLC ("**Capital Stack**"); PLATINUM RAPID FUNDING GROUP, LTD. ("**Platinum Rapid Funding**"); and GLOBAL MERCHANT CASH INC. D/B/A WALL STREET FUNDING ("**Wall Street**")

5.  The Complaint (ECF#1) acknowledges and alleges that the instant Adversary Proceeding is a "non-core" proceeding pursuant to 28 U.S.C. § 157(c). *See* ECF#1 (Complaint) at ¶2.

6.  The ninety-one (91) page Complaint (ECF#1) attempts to allege causes or claims against the multiple defendants under forty (40) separate counts pursuant to contract claims as further set forth in the attached exhibits 1 through 19 thereto (ECF#'s 1-1 through 1-19).

7.  Of the forty (40) counts set forth in the Complaint, thirty-nine (39) are claims for breach of contract and enforcement of the default terms therein; and the final count, number XL, is a declaratory judgment request, which basically seeks the same relief under the first thirty-nine counts of the Complaint by seeking to enforce the multiple subordination agreements already subject of the breach counts alleged in various preceding counts.

8. The relief sought against the instant Defendant, Hassanallly, seeks enforcement of purported guarantees by Hassanally as they relate to contracts between the consolidated Debtors and certain other Defendants, and the default provisions therein (*i.e.* – Complaint Exhibits 2, 3, 9, 10, 13, 14, 16 and 17).

9. Certain Defendants have already responded to the Complaint, and have, among others: **demanded a trial by jury** (*see* ECF #'s 10 and 12 – Answer(s) of Platinum Rapid Funding); and, **objected to entry of final orders** by the Bankruptcy Court (ECF#25), wherein **Wall Street does not consent to entry of final orders or judgments** (*see* ECF#25 at ¶ 2). [2]

10. Aside from the fact that the Complaint seeks relief which does not arise under the Bankruptcy Code, the very written agreements/contracts upon which Plaintiffs seek relief against the instant Defendant, Hassanally, all contain mandatory arbitration clauses[3] (*see* ECF#'s 2, 3, 9, 10, 13,14, 16 and 17 at Art. VI ¶ C), which Hassanally does not waive and seeks to enforce; and, Hassanally also intends to seek abstention of this matter.

---

[2] This instant Motion and Wall Street's demand for a jury trial were timely filed in accordance with 28 U.S.C. § 157(d). Rule 38 of the Federal Rules of Civil Procedure provides that a written demand for a jury trial shall be made "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). Answers and responses are still pending from various Defendants. Moreover, as discussed below, because Platinum Rapid Funding has demanded a jury trial, Wall Street does not consent to final orders by the Bankruptcy Court, and the agreements/contracts which form an alleged basis for relief against Hassanally all provide for mandatory arbitration "cause" exists for moving to withdraw the reference under 28 U.S.C. § 157(d).

[3] The arbitration clauses mandate that all arbitration take place in Los Angeles County, California.

## II.     ARGUMENT

**The Reference Must Be Withdrawn As The Matter Is Non-Core, Platinum Rapid Funding Has Demanded a Jury Trial, Wall Street Does Not Consent to Bankruptcy Court Jurisdiction Of This Non-Core Proceeding, And The Written Contracts Subject Of This Adversary Proceeding Against Hassanally Mandate Arbitration.**

In accordance with the Seventh Amendment of the United States Constitution Platinum Rapid Funding is entitled to a jury trial on the Plaintiff's Complaint. Platinum Rapid Funding has demanded a jury trial in the Adversary Proceeding and the Bankruptcy Court is unable to conduct a jury trial because not only does Wall Street not consent, Platinum Rapid Funding has not consented and the instant Movant, Defendant Hassanally does not consent to a jury trial by the Bankruptcy Court. For this reason alone, there is due cause to withdraw the reference in its entirety pursuant to 28 U.S.C. § 157(d).

Platinum Rapid Funding's right to a jury trial is guaranteed by the Seventh Amendment to the United States Constitution, which provides in relevant part that "[in] Suits at common law, where the value of the controversy shall exceed twenty dollars, the right to a trial by jury shall be preserved. . . ." *U.S. Const. Amend. VII.* A defendant, such as Platinum Rapid Funding, is entitled to a jury trial when a plaintiff's cause of action is legal in nature and involves the adjudication of private rights. *Granfinanciera, S.A. v. Nordbert*, 492 U.S. 33, 42 n.4 (1989); *Growers Packing Co. v. Cmty. Bank of Homestead*, 134 B.R. 438, 440 (S.D. Fla. 1991).

In the matter at bar, the Plaintiffs seek monetary damages against, among others, Platinum Rapid Funding and Hassanally; and, as such, Platinum Rapid Funding is entitled to a trial by jury. *See, e.g., Dairy Queen, Inc. vs Wood*, 369 U.S. 469, 479 (1962); *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 352 (1998) ("We have recognized the 'general rule' that monetary relief is legal.").

Normally, if a jury trial demand has been made, and at least one of the parties refuses to consent to conduct the jury trial in the bankruptcy court, the bankruptcy court can no longer conduct a trial of the matter. *See*, 28 U.S.C. § 157(e); *Blackwell v. Deloitte & Touche, LLP (In re Blackwell),* 279 B.R. 818, 820 (Bankr.W.D.Tex.2002).

Because Platinum Funding has demanded a trial by jury and has not filed a consent to the trial before the Bankruptcy Court, coupled with the fact that Wall Street is not consenting to the Bankruptcy Court's ability to decide the matter, and the instant Defendant Hassanally is demanding withdrawal of the order of reference, neither bankruptcy nor federal law are invoked, state law and state remedies permeate, agreement that the matter is noncore, the Bankruptcy Court cannot conduct a trial of this matter and it must be removed[4].

Moreover, given that the District Court may inevitably preside over the trial of the Adversary Proceeding, the District Court should be given the opportunity to develop the contours of the Case by deciding the pretrial matters. Such a finding will undoubtedly promote judicial economy and preserve judicial resources. IDistrict courts, including in this district, have recognized the tremendous value in withdrawing the reference in its entirety.

A similar approach was adopted by the district court in *Gumport v. Growth Financial Corp.* (*In re Transcon Lines)*, 121 B.R. 837 (C.D. Cal. 1990). In withdrawing the reference in its entirety, the district court reasoned as follows:

> Due to the fact that a District Court Judge must eventually preside over the jury trial in this matter, it would constitute a tremendous waste of judicial

---

[4] Courts, including those in this District, have consistently held that a party's right to a jury trial, together with the bankruptcy court's inability to conduct the jury trial, provides sufficient cause to withdraw the reference. *See, e.g.*, *Stein v. Miller*, 158 B.R. 876, 877-80 (S.D. Fla. 1993) (granting motion to withdraw the reference solely because defendant had a right to a jury trial); *Torcise v. Cmty. Bank of Homestead*, 131 B.R. 503, 508 (S.D. Fla. 1991) (same); *Growers Packing Co. v. Cmty. Bank of Homestead*, 134 B.R. at 441-45 (same); *accord Antico Vacca Techs., Inc. v. Etched Media Corp. (In re Gruppo Antico, Inc.)*, No. 02-13283 (PJW), 04-53358, Civ. A. 04-1461-KAJ, 2005 WL 3654215, at *1-2 (D. Del. July 1, 2005) (withdrawing reference of entire adversary proceeding because defendants were entitled to a jury trial); *Gumport v. Growth Fin. Corp. (In re Transcon Lines)*, 121 B.R. 837, 838–45 (C.D. Cal. 1990) (same); *Fimsa, Inc. v. Marina Bay Drive Corp. (In re Marina Bay Drive Corp.)*, 123 B.R. 222 (S.D. Tex. 1990) (withdrawing the reference "because bankruptcy courts may not conduct jury trials").

> resources to permit the bankruptcy judge to continue to maintain jurisdiction over the issues presented in this litigation.

*Id.* at 838; *see also NDEP Corp. v. Handl-It, Inc. (In re NDEP Corp.)*, 203 B.R. 905, 913 (D. Del. 1996) (withdrawing reference in entirety because, *inter alia*, judicial economy would be served as the district court would eventually have to hold the jury trial); *Antico Vacca Techs., Inc. v. Etched Media Corp. (In re Gruppo Antico, Inc.)*, Nos. 02-13283 (PJW), 04-53358, Civ.A. 04-1461-KAJ, 2005 WL 3654215 (D. Del. July 1, 2005) (withdrawing reference in entirety based on judicial economy); *Hutchins v. APCC Servs., Inc. (In re Star Creditors' Liquidating Trust)*, Nos. 01-0830-MFW, 03-51521-MFW, Civ. A. 03-793- KAJ, 2004 WL 406353 (D. Del. Mar. 3, 2004) (withdrawing reference in connection with fraudulent transfer and preference claims where defendants had a right to a jury trial, because it would be more efficient to have the district court manage the entire case).

Therefore, "[i]n the interests of judicial economy and to conserve judicial resources," the reference should be withdrawn immediately and for all purposes.

Furthermore, the underlying written agreements which form the basis for most of the claims and causes against Hassanally all mandate arbitration between the parties, to be held in Los Angeles, and the Court should withdraw the reference, abstain and dismiss the matter. *See, e.g., In re Durso Supermarkets, Inc.*, 170 B.R. 211 (S.D.N.Y. 1994); In re Bailey, II, 217 B.R. 523 (Bankr. E.D. Tex. 1997).

### III. CONCLUSION

For all the foregoing reasons, Hassanally's motion to withdraw the reference immediately and for all purposes should be granted in all respects.

7

I HEREBY CERTIFY that I am admitted to practice before the United States District Court, in and for the Southern District of Florida, and this Court and am in compliance with the additional qualification as set forth in the Local Rules of the Court.

Dated: March 22, 2019.

Respectfully Submitted,

James B. Miller, Esq.
19 W Flagler St. Suite 416
Miami, Florida 33130-4404
Telephone: 305-374-0200
Fax: 305-374-0250
Email: jbm@title11law.com


*/S/ James B. Miller*
James B. Miller, Esq.
Florida Bar No. 9164


**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via CM/ECF on all parties listed below on this 22nd day of March, 2019.

By:   /s/    James B. Miller
James B. Miller

**SERVICE LIST (*VIA* CM/ECF)**

Michael R Dal Lago on behalf of Defendant PLATINUM RAPID FUNDING GROUP, LTD.
mike@dallagolaw.com, kim@dallagolaw.com

Larry I Glick on behalf of Defendant RADIUM2 CAPITAL, INC.
lglick@shutts.com, dsuengas@shutts.com

Paul J. Keenan, Jr., Esq. on behalf of Plaintiff 1 Global Capital LLC
keenanp@gtlaw.com, mialitdock@gtlaw.com;miaecfbky@gtlaw.com

Paul J. Keenan, Jr., Esq. on behalf of Plaintiff 1 West Capital LLC
keenanp@gtlaw.com, mialitdock@gtlaw.com;miaecfbky@gtlaw.com

James B Miller on behalf of Defendant RAHIM MAJID HASSANALLY
bkcmiami@gmail.com

Claudia Ojeda on behalf of Plaintiff 1 Global Capital LLC
ojedac@gtlaw.com

Claudia Ojeda on behalf of Plaintiff 1 West Capital LLC
ojedac@gtlaw.com

John E Page on behalf of Defendant CAPITAL STACK, LLC
jpage@slp.law, dwoodall@slp.law;ematteo@slp.law;cdraper@slp.law;msmith@slp.law

Eric S Pendergraft on behalf of Defendant CAPITAL STACK, LLC
ependergraft@slp.law, dwoodall@slp.law;ematteo@slp.law;bshraibergecfmail@gmail.com;cdraper@slp.law

Kenneth B Robinson, Esq on behalf of Defendant GLOBAL MERCHANT CASH, INC. D/B/A WALL STREET FUNDING
krobinson.ecf@rprslaw.com

Eva Spahn on behalf of Plaintiff 1 Global Capital LLC
spahne@gtlaw.com

Eva Spahn on behalf of Plaintiff 1 West Capital LLC
spahne@gtlaw.com

Richard B. Storfer, Esq. on behalf of Defendant GLOBAL MERCHANT CASH, INC. D/B/A WALL STREET FUNDING
rstorfer@rprslaw.com